## STATE OF WEST VIRGINIA

### SUPREME COURT OF APPEALS

**FILED**

February 5, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LARRY F. HENDERSON,**
**Claimant Below, Petitioner**

**vs.)    No. 11-0720**  (BOR Appeal No. 2044957)
(Claim No. 2005036921)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**CABELA'S WHOLESALE, INC.,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Larry F. Henderson, by Jonathan Bowman, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Anna Faulkner, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 21, 2011, in which the Board affirmed a July 29, 2010, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 22, 2008, decision granting Mr. Henderson an additional 2% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Henderson was employed as a laborer with Cabela's Wholesale, Inc. He injured his cervical spine, lumbar spine, and right shoulder on April 4, 2005. On September 20, 2005, he was granted a 5% permanent partial disability award. Mr. Henderson has undergone four independent medical evaluations to determine the amount of permanent impairment resulting from his compensable injuries. On August 23, 2005, Dr. Brown performed an independent medical evaluation and recommended a total permanent partial disability award of 5% for Mr. Henderson's compensable injuries; on June 30, 2008, Dr. Langa examined Mr. Henderson and recommended a total permanent partial disability award of 7%; on June 11, 2009, Dr. Guberman recommended a total permanent partial disability award of 15%; and on December 10, 2009, Dr. Thrush recommended a total permanent partial disability award of 5% for Mr. Henderson's compensable injuries.

In its decision granting Mr. Henderson an additional 2% permanent partial disability award, the claims administrator relied on the opinion of Dr. Langa. However, the Office of Judges found that Dr. Langa's report is not conclusive because she failed to apply West Virginia Code of State Rules § 85-20 (2006) when calculating the amount of Mr. Henderson's permanent impairment. The Office of Judges also discredited the report of Dr. Guberman based on a finding that his recommendations were excessive. The Office of Judges then relied on the opinion of Dr. Thrush as a basis to affirm the claims administrator's decision. The Office of Judges found that even though Dr. Thrush recommended a total permanent partial disability award of 5%, Mr. Henderson should retain the additional 2% permanent partial disability award, which gave him a total award of 7%, because the 7% total award falls within the permissible range of impairment ratings for the lumbar spine injury identified by Dr. Thrush.

In *Repass v. Workers' Compensation Div.,* 569 S.E.2d 162, 171, 212 W.Va. 86, 95 (2002), this Court held that permanent partial disability awards are to be made solely on the basis of a physician's impairment evaluation. The claims administrator's decision that granted Mr. Henderson an additional 2% permanent partial disability award, bringing his total permanent partial disability award for the April 4, 2005, injuries to 7%, was based on the opinion of Dr. Langa. However, the Office of Judges discredited the reports of both Dr. Langa and Dr. Guberman. The other two independent medical evaluations of record recommended a total permanent partial disability award of 5% for the compensable injuries. In an attempt to preserve Mr. Henderson's 7% permanent partial disability award, the Office of Judges found that because the 7% award falls within the permissible range of impairment ratings for the lumbar spine injury identified by Dr. Thrush, he is permitted to retain his 7% permanent partial disability award. The Board of Review affirmed both the reasoning and conclusions of the Office of Judges.

The Office of Judges' and Board of Review's conclusions are in direct violation of this Court's decision in *Repass*. There is nothing in the record to indicate that the Office of Judges' finding that the reports of Dr. Langa and Dr. Guberman are not credible was clearly wrong; however, after discrediting Dr. Langa's report, Mr. Henderson's 7% permanent partial disability award is no longer based on a physician's impairment evaluation. The remaining two independent medical evaluations of record recommended a total permanent partial disability award of 5% for Mr. Henderson's compensable injuries. Therefore, Mr. Henderson is entitled to a total permanent partial disability award of 5%.

For the foregoing reasons, we find that the decision of the Board of Review is clearly the result of erroneous conclusions of law. Therefore, the decision of the Board of Review is reversed, and the case is remanded with the instruction to grant Mr. Henderson a total permanent partial disability award of 5% for the compensable injuries occurring on April 4, 2005.

Reversed and remanded.

**ISSUED:   February 5, 2013**

**CONCURRED IN BY:**
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis